■■■ In the Matter of SMALL SMILES LITIGATION. KELLY VARANO, as Parent and Natural Guardian of JEREMY BOHN, an Infant, et al., Respondents, v FORBA HOLDINGS, LLC, Now Known as CHURCH STREET HEALTH MANAGEMENT, LLC, et al., Appellants, et al., Defendants. (Action No. 1.) SHANTEL JOHNSON, as Parent and Natural Guardian of KEVIN BUTLER, an Infant, et al., Respondents, v FORBA HOLDINGS, LLC, Now Known as CHURCH STREET HEALTH MANAGEMENT, LLC, et al., Appellants, et al., Defendants. (Action No. 2.) TIMOTHY ANGUS, as Parent and Natural Guardian of JACOB ANGUS, an Infant, et al., Respondents, v FORBA HOLDINGS, LLC, Now Known as CHURCH STREET HEALTH MANAGEMENT, LLC, et al., Appellants, et al., Defendants. (Action No. 3.) [971 NYS2d 784]—

Appeals from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered October 4, 2012. The order, inter alia, denied the motions of defendants-appellants to dismiss certain causes of action in the amended complaints.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motions in part and dismissing the first and third causes of action of the amended complaints against defendants-appellants and dismissing the fourth cause of action of the amended complaints insofar as it alleges a violation of General Business Law § 350 against the individual defendants-appellants with the exception of Daniel E. DeRose, Michael A. DeRose, D.D.S., Edward J. DeRose, D.D.S., Adolph R. Padula, D.D.S., William A. Mueller, D.D.S., and Michael W. Roumph, and as modified the order is affirmed without costs.

Memorandum: These three actions were commenced by various plaintiffs asserting causes of action for fraud, battery, breach of fiduciary duty, breach of General Business Law §§ 349 and 350, malpractice, negligence, and failure to obtain informed consent based on dental treatment provided to the subject children. These actions have been coordinated for purposes of discovery pursuant to 22 NYCRR 202.69 in Onondaga County Supreme Court. Defendants-appellants moved to dismiss certain causes of action in the amended complaints, which the court denied in their entirety. On this consolidated appeal, there are four groups of defendants-appellants: Forba, LLC, now known as LICSAC, LLC, et al. (Old FORBA); Forba Holdings, LLC,

now known as Church Street Health Management, LLC, et al. (New FORBA); Keivan Zoufan, D.D.S., et al. (Five Dentists); and Maziar Izadi, D.D.S., et al. (Fourteen Dentists) (collectively, defendants).

We agree with defendants that the court erred in denying those parts of their respective motions seeking dismissal of the fraud and breach of fiduciary duty causes of action, and we therefore modify the order by dismissing the first and third causes of action of the amended complaints against defendants. "Dismissal of a fraud cause of action is required '[w]here [it] gives rise to damages which are not separate and distinct from those flowing from an alleged [dental] malpractice cause of action' " (*Abraham v Kosinski*, 251 AD2d 967, 967-968 [1998]; *see Giannetto v Knee*, 82 AD3d 1043, 1045 [2011]; *Haga v Pyke*, 19 AD3d 1053, 1055 [2005]). Inasmuch as the damages sought by plaintiffs, including punitive damages, are the same for the fraud and dental malpractice causes of action, we conclude that the fraud cause of action must be dismissed. We further conclude that the breach of fiduciary duty cause of action must be dismissed because it is duplicative of the malpractice cause of action (*see Padilla v Verczky-Porter*, 66 AD3d 1481, 1484 [2009]; *see generally Adamski v Lama*, 56 AD3d 1071, 1072-1073 [2008]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]). Both the breach of fiduciary duty cause of action and dental malpractice cause of action are based on the same facts and seek identical relief (*cf. Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 9 [2008]).

We reject the contention of the Fourteen Dentists that the General Business Law § 349 claim is duplicative of other causes of action in the amended complaints (*see generally Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 343-344 [1999]; *Karlin v IVF Am.*, 93 NY2d 282, 290-294 [1999], *rearg denied* 93 NY2d 989 [1999]), and we also reject the contention of the Five Dentists and the Fourteen Dentists that plaintiffs failed to state a cause of action with respect to the General Business Law § 349 claim (*see generally Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Gaidon*, 94 NY2d at 344). Plaintiffs alleged a scheme whereby the individual dentists made fraudulent misrepresentations to parents and custodians to induce consent for dental procedures, resulting in harm to the subject children. With respect to the General Business Law § 350 claim, however, we agree with the Five Dentists and the Fourteen Dentists that the claim should be dismissed against them, and we therefore further modify the order accordingly. Section 350 prohibits

"[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." Inasmuch as the amended complaints do not allege that those individual dentists were involved in any false advertising, that claim must be dismissed against them.

We reject the contention of Old FORBA, New FORBA, and the Five Dentists that the battery cause of action should be dismissed. A battery cause of action may be maintained where the allegation is that the dental professional did not obtain consent for the procedure or treatment (*see VanBrocklen v Erie County Med. Ctr.*, 96 AD3d 1394, 1394 [2012]). Here, plaintiffs alleged that consent was obtained by fraud, which is the equivalent of no consent at all (*see generally Darrah v Kite*, 32 AD2d 208, 210-211 [1969]).

We have considered the remaining contentions raised by the parties and conclude that they are without merit. Present— Centra, J.P., Peradotto, Carni and Lindley, JJ.